PER CURIAM.
This is a disciplinary proceeding against Respondent William Lewin, a member of The Florida Bar. Respondent made no request for a hearing before us, nor did he file responsive pleadings. The referee made the following findings and recommendation:

“Findings by referee upon hearing:

“As to Counts I and II
“I find that respondent paid the beneficiary of the Alberti Estate $20,000.00 of a $71,918.00 estate, having lost the balance in a silver company investment. Respondent was personal representative of the Alberti Estate as well as attorney. He invested the funds above mentioned with Commonwealth Silver Exchange, Inc. without the court’s order or the consent of the beneficiary. Although there is nothing in the record to show whether or not such investment was an investment a prudent person would have made at the time it was made, nevertheless it appears his actions in failing to properly account for the funds is a violation of the Disciplinary Rules 1 — 102(A)(3), 1-102(A)(4), 9-102(A), 9 — 102(B)(3), and 9-102(B)(4) of the Code of Professional Responsibility and Rules [11.02(3)(a)] and [11.02(3)(b)] of Article XI of the Integration Rules of the Florida Bar.
“As to Counts III and IV
“I find that respondent while acting as personal representative of the estate of Rosa Marquez appropriated funds belonging to Rosita Booth, beneficiary of said estate, had her sign a receipt acknowledging that she had received the funds when she had not, and then filed such false receipt with the probate judge to obtain respondent’s discharge as personal representative. This reprehensible conduct requires discipline and is a violation of Disciplinary Rules 6-101(A)(3), 9-102(A), 9-102(B)(3) and 9-102(B)(4) of the Code of Professional Responsibility, and Rule 11.-02(4)(a) of Article XI of the Integration Rules of the Florida Bar.
“Recommendation :
“Because of the irresponsible actions of the respondent as to Counts I and II and the reprehensible conduct of respondent as to Counts III and IV, I recommend that respondent be disbarred from the practice of law in Florida and be required to pay all costs incurred in the disciplinary proceedings.”
We have examined the report of the referee as well as the record of the proceedings. We agree with the referee’s findings and accept his recommendation. Accordingly, Respondent William Lewin is dis *514 barred from the practice of law in Florida upon the effective date of this order and shall pay the costs of these proceedings in the amount of $638.20.
It is so ordered.
OVERTON, C. J., and ADKINS, BOYD, ENGLAND and HATCHETT, JJ., concur,